IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| Frederick H. Banks, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Criminal No. 04-176 |
| | ) | Civil No. 11-04 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

CONTI, District Judge

Pending before the court is a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (ECF No. 622)[1] and the supplement thereto (ECF No. 625) (collectively, "petitioner's motion") filed by petitioner Frederick H. Banks ("Banks" or "petitioner").[2] Upon reviewing petitioner's motion and the government's motion to dismiss (ECF No. 641), the court will grant the government's motion and deny petitioner's motion for the reasons set forth herein.

**I. Background**

On October 25, 2005, a federal grand jury returned an indictment charging petitioner with eight counts of a scheme and artifice to defraud, all in violation of 18 U.S.C. § 1341. On December 27, 2005, a jury returned a verdict finding Banks guilty on each count. On March 13, 2006, petitioner, who had represented himself at trial, was sentenced at each count concurrently

---

[1]ECF No. references are to filings in Criminal No. 04-176.
[2]Petitioner previously filed multiple pending motions, which could have been characterized as successive § 2255 petitions. The court issued an order on February 3, 2011, that provided petitioner with three options under which to bring his § 2255 motion. (ECF No. 624). On May 6, 2011, the court issued an order stating that petitioner selected the motion filed at ECF No. 622 to be considered as his § 2255 motion and directed the government to file its

for a term of imprisonment of sixty-three months to be served consecutively to the term of imprisonment defendant was already serving for other convictions at Criminal No. 03-245, thirty-six months of supervised release at each count to be served concurrently, and $15,100.10 in restitution. (ECF No. 391). On March 14, 2006, petitioner filed a notice of appeal. (ECF No. 393). On December 22, 2008, the United States Court of Appeals for the Third Circuit affirmed the judgment and commitment order entered by this court. (ECF No. 573).

On or about January 27, 2011, the clerk of court received and filed petitioner's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (ECF No. 622). On or about February 23, 2011, petitioner filed a supplement. (ECF No. 625). In the motion filed at ECF No. 622, petitioner lists forty-nine grounds for his claims that he is being held in violation of the Constitution, laws or treaties of the United States and his prayer for relief that the court vacate, set aside, or correct his sentence. In his supplement, petitioner argues that his conviction should be reversed because his appellate counsel who "was a state assistant district attorney for the Commonwealth of Pennsylvania" had "a direct conflict of interest." Id. at 1. Most of those grounds are frivolous, repetitive, convoluted, and not based on controlling or existing law. The grounds include allegations that: petitioner was not tried on a true bill; the court lacked jurisdiction to impose a sentence since petitioner alleges to be a sovereign citizen; the court lacked jurisdiction because the postal powers clause and commerce clause do not provide for punishment; the court lacked jurisdiction to impose the sentence because petitioner is an American Indian; the government failed to prove that Pittsburgh, Pennsylvania, is in the

---

response and a brief in opposition on or before May 27, 2011 (ECF No. 632).

Western District of Pennsylvania; the federal mail fraud statute is unconstitutional; the court advocated for the government when it did not grant petitioner's motion for a mistrial; the restitution order was unconstitutional; petitioner's Sixth Amendment rights were violated when the court denied him the right to call the Honorable Thomas M. Hardiman – the judge in his prior case – as a witness; petitioner's right of confrontation was violated when the court refused to issue an arrest warrant for a witness; petitioner's Second Amendment rights were violated when the court prohibited him from carrying a firearm during his supervised release; and the court had no power under the constitution to impose involuntary servitude. On May 20, 2011, the government filed a motion to dismiss. (ECF No. 641). The government argues that petitioner's motion should be dismissed because he cannot relitigate claims raised on direct appeal and any other claims are procedurally defaulted. Because most of the grounds raised are clearly frivolous, it would be a waste of judicial resources for this court to discuss all the frivolous grounds. Only five grounds will be addressed: (1) the second superseding indictment was insufficient; (2) the district court erred in denying his motions to suppress evidence; (3) the district court ordered an unreasonable sentence; (4) his appellate counsel provided ineffective assistance; and (5) the government withheld Brady material at trial.

**II.     Standard of Review**

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255, unless the motion and files and records of the case show conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255 ("Unless the motion and

the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."); United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005). For reasons set forth herein, and based upon petitioner's motion and files and records of the case, the court determines that petitioner's motion shall be denied without a hearing because the motion and files and records of the case show conclusively that petitioner is not entitled to relief.

Under 28 U.S.C. § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside or correct the sentence upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Supreme Court read the statute as stating four grounds upon which relief can be granted:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 625 (4th ed. 2011) (quoting Hill v. United States, 368 U.S. 424, 426-27 (1962)). The statute provides as a remedy for a sentence imposed in violation of law that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

**III.    Analysis**

Although § 2255 enables federal prisoners to challenge collaterally the lawfulness of their incarceration, such challenges are limited by the ban on relitigating questions that have already been raised and considered on direct appeal and the procedural default doctrine. Bousley v. United States, 523 U.S. 614, 621 (1998); see e.g., Davis v. United States, 417 U.S. 333, 343 (1974).

**A.    The Relitigation Bar**

It is well settled that "a prior opportunity for full and fair litigation is . . . dispositive of a federal prisoner's habeas claim." Withrow v. Williams, 507 U.S. 680, 721 (1993); United States v. Frady, 456 U.S. 152 (1982). Therefore, if a claim has already been raised and rejected on direct review, it will not be readjudicated in a habeas proceeding. Id. Section 2255 is not a substitute for direct review and permitting the relitigation of issues that have already been decided would result in "wasteful duplication of the federal judicial process." Id. The Court of Appeals for the Third Circuit, however, has noted four exceptions to this general rule where the review of previously adjudicated claims may be warranted, i.e., when there is "newly discovered evidence that could not reasonably have been presented at the original trial, a change in applicable law, incompetent prior representation by counsel or other circumstances indicating that an accused did not receive full and fair consideration of his federal constitutional and statutory claims." United States v. Palumbo, 608 F.2d 529, 533 (3d Cir. 1979)(footnotes omitted).

5

On direct appeal, petitioner challenged what he alleged to be four assignments of error: (1) there was not a knowing and intelligent waiver of counsel; (2) the second superseding indictment was insufficient; (3) the court improperly denied his motions to suppress evidence, including evidence seized by the Postal Service Inspectors; and (4) his sentence was unreasonable. (ECF No. 573-2, at 2, 7.)) None of those matters were found by the court of appeals to be error. Petitioner attempts to relitigate issues two, three and four, which were raised in his appeal, in his § 2255 motion. Specifically, petitioner already challenged the sufficiency of the second superseding indictment, as well as the searches performed of his vehicle and his home by the United States Postal Inspectors before the court of appeals. (Id. at 4-12.) Petitioner likewise already challenged his consecutive sentence on direct appeal. (Id. at 12-17.) Since these issues were already litigated, they cannot be relitigated unless one of the four Palumbo exceptions applies. See Palumbo, 608 F.2d at 533. With respect to those issues, petitioner, however, did not present or allege newly discovered evidence, a change in applicable law, incompetent prior representation by counsel, or other circumstantial evidence of his not receiving full and fair consideration of his claims. Since none of the Palumbo exceptions apply, petitioner is barred from seeking relief on these three grounds. See id. There are only two other grounds which will be addressed: ineffective assistance of appellate counsel and the alleged Brady violation. Those two challenges will be discussed together because the ineffective assistance of appellate counsel was asserted to be, among other frivolous matters, a failure to argue a Brady violation in petitioner's direct appeal.

## B. The Procedural Default Doctrine

When a defendant fails to raise a claim on direct review the claim becomes procedurally defaulted. See Bousley, 523 U.S. at 622. A defendant can only raise a procedurally defaulted claim in a habeas proceeding when the defendant "can first demonstrate either 'cause' and actual 'prejudice' . . . or that [the defendant is] 'actually innocent.'" Id. (citing Murray v. Carrier, 477 U.S. 478 (1986); Wainwright v. Sykes, 433 U.S. 72 (1977); Smith v. Murray, 477 U.S. 527 (1986)). Since petitioner failed to meet either the "cause and prejudice" standard or the requirements to prove actual innocence, all the issues that petitioner raised in his motion that he failed to raise on direct appeal are procedurally barred from being heard. The only exception would arguably be his assertion of ineffective assistance of appellate counsel.

### 1. Cause and Prejudice

The "cause and actual prejudice" standard, as enunciated by the Court in Davis v. United States, 411 U.S. 233 (1973), and then broadened in Francis v. Henderson, 425 U.S. 536 (1976) and Wainwright v. Sykes, 433 U.S. 72 (1972), applies when a defendant is seeking collateral relief based on trial errors that were not previously objected to by defendant. Frady, 456 U.S. at 167-68. In order to prevail under this standard, a defendant must show both "cause" for the default as well as "prejudice" that resulted from the error. Smith v. Murray, 477 U.S. 527, 533, (1986); Francis, 425 U.S. at 542.

#### a. Cause

"Cause" legitimizes a default and it exists when a defendant can "show that some objective factor external to the defense impeded counsel's efforts to comply with the . . .

7

procedural rule." Murray, 477 U.S. at 488. Under this standard, the impediment must have prevented counsel from raising the claim. McClesky v. Zant, 499 U.S. 467, 497 (1991); Murray, 477 U.S. at 492. External impediments have been found to constitute cause when: (1) a novel legal claim exists that was not "reasonably available to counsel," Bousley 523 U.S. at 622 (citing Reed v. Ross, 468 U.S. 1, 16 (1984)); (2) the factual basis for the claim was not available to counsel, Murray, 477 U.S. at 488; (3) when government officials interfered with compliance, Coleman v. Thompson, 501 U.S. 722, 753 (1991); and (4) when the default occurred due to ineffective assistance of counsel in violation of the Sixth Amendment, Coleman, 501 U.S. at 752; Murray, 477 U.S. at 488. Here, petitioner alleges only ineffective assistance of his appellate counsel and did not assert that any of the first three impediments exist.

### b. Prejudice

Once a legitimate "cause" excusing the procedural default is shown, a defendant must also establish actual "prejudice." Frady, 456 U.S. at 170. To do so the defendant has "the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. (emphasis in original). This standard requires a defendant to prove that, if not for the error, the proceeding would have likely ended in a different result. Strickler v. Greene, 527 U.S. 263, 289 (1999) (citing Kyles v. Whitley, 514 U.S. 419, 434 (1995)). The Court has explained this standard as asking whether, with the absence of the defaulted claim, defendant "received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Whitley, 514 U.S. at 434.

8

### c. Ineffective Assistance As Cause

Although petitioner raised multiple issues in his motion (ECF No. 622), the only "cause" petitioner alleges to legitimize his procedural defaults is ineffective assistance of appellate counsel.[3] (Def.'s Reply (ECF No. 647at 647)) ("Petitioner's counsel was responsible for the default . . . because . . . counsel rendered ineffective assistance in violation of the Sixth Amendment . . . with respect to the defaulted issues. . . ."). The crux of petitioner's argument is that, if not for his appellate counsel's ineffective assistance, the defaulted issues raised in his motion would have also been raised on direct appeal. See generally, id. Petitioner alleges that his appellate counsel "failed and refused" to raise these issues on appeal, in violation of his constitutional right to representation. Id. at 2. For petitioner's defaulted issues to comply with the "cause" and "prejudice" standard, however, petitioner's appellate counsel's deficiencies must have risen to the level of a Sixth Amendment violation. See Murray, 477 U.S. at 533; see also Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

To establish ineffective assistance of counsel in violation of the Sixth Amendment petitioner must prove: (1) deficient representation, meaning that counsel's representation fell below an objective standard of reasonableness; and (2) prejudice, meaning that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland, 466 U.S. at 687-88, 694. A "reasonable probability" under the prejudice prong requires a probability

---

[3] Having reviewed the record it is clear to the court that no other arguable claim for cause exists.

sufficient to undermine confidence in the outcome of the proceeding. Williams, 529 U.S. at 390-91.

The United States Court of Appeals for the Third Circuit directed courts to address the prejudice prong of the Strickland analysis first. See McAleese v. Mazurkiewicz, 1 F.3d 159, 170 (3d Cir.), *cert. denied*, 510 U.S. 1028 (1993) ("Indeed, this Court has read Strickland as requiring the courts to decide first whether the assumed deficient conduct of counsel prejudiced the defendant.") (internal quotations and citations omitted). The court of appeals in McAleese noted that Strickland itself recognized that

> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

1 F.3d at 171 (quoting Strickland, 466 U.S. at 697). The court, therefore, will examine the prejudice prong of the Strickland analysis before considering the deficient representation prong.

When reviewing petitioner's defaulted issues under the Strickland standard, it is clear that petitioner was not prejudiced by his appellate counsel's failure or refusal to raise any of his defaulted claims. See Williams, 529 U.S. at 390-91. The defaulted issues like the other issues petitioner raised are essentially frivolous. For example, with respect to the defaulted issue of a Brady violation, petitioner alleges that the government withheld Brady material when it failed to provide petitioner with a subpoenaed response from America Online (Motion (ECF No. 622), at 39). This claim lacks sufficient prejudice under Strickland. The subpoenaed response at issue,

which allegedly showed that "[t]he subpoena from AOL related to Marakesh Armono did not come back" to petitioner, does not exculpate petitioner, as he alleges. (ECF No. 622 at 39.) To the contrary, the government presented a thorough, well-constructed case against petitioner, supported by overwhelming evidence showing that petitioner committed the crimes he was convicted of, and introduction of the subpoenaed response at issue would not have affected petitioner's trial or appeal. Since the subpoenaed response would not have affected the outcome of petitioner's trial, petitioner was not prejudiced by the alleged Brady violation. Since no prejudice occurred, petitioner's claim for ineffective assistant of appellate counsel for his appellate counsel's failure to raise this claim fails to meet the standard imposed by Strickland. In the supplement (ECF No. 625), Banks argues his appellate counsel had a conflict of interest because he "was a state assistant district attorney. . . ." (ECF No. 625 at 1). This kind of argument is frivolous and need not be addressed.

Applying the standard imposed by Strickland to each of petitioner's defaulted issues ends with the same result since petitioner did not suffer actual prejudice from his appellate representation. Id.[4] Having reviewed each of petitioner's defaulted claims, it is clear to the court that petitioner's appellate counsel did not prejudice petitioner and he did not meet the Strickland standards. See id. Petitioner, for the same reason, cannot show he meets the cause and prejudice standard as enunciated in Davis for his defaulted claims. See Davis, 411 U.S. 233.

---

[4] The court notes that counsel error, ignorance, or inadvertence short of a Sixth Amendment violation does not give rise to a cause for procedural default. Murray, 477 U.S. at 487.

### 2. Actual Innocence

Like the "cause and prejudice" exception, a "fundamental miscarriage of justice" also excuses a procedural default. Murray, 477 U.S. at 495-96. Under this exception "actual innocence" enables a defaulted claim to be considered on its merits. Id. To establish actual innocence, a "petitioner must demonstrate that, "'in light of all the evidence,'" "'it is more likely than not that no reasonable juror would have convicted him.'"" Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995) (quoting Henry J. Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. CHI. L. REV. 142, 160 (1970) (discussing the "actual innocence" standard when collaterally challenging a criminal sentencing))). The "actual innocence" standard infers "factual innocence, not mere legal insufficiency." Id.; see Sawyer v. Whitley, 505 U.S. 333, 339 (1992). Actual innocence requires that a constitutional error "'has probably resulted in the conviction of one who is actually innocent.'" Bousely, 523 U.S. at 623 (quoting Murray, 477 U.S. at 496)). In order for such a claim to be credible "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" is required. Schlup v. Delo, 513 U.S. 298, 324 (1995).

Although petitioner alleges actual innocence frequently throughout his motion and his reply brief (Def.'s Reply (ECF No. 647)), petitioner fails to allege or raise any new, reliable evidence to exculpate himself. Under those circumstances, this exception is not applicable.

## IV. Certificate of Appealability

When a district court issues a final order denying a § 2255 petition, the court must also make a determination about whether a certificate of appealability ("COA") should issue or the clerk of the court of appeals shall remand the case to the district court for a prompt determination as to whether a certificate should issue. See 3rd Cir. L.A.R. 22.2 (2008). Based upon the motion and files and records of the case, and for the reasons set forth herein, the court finds that petitioner did not show a substantial denial of a constitutional right. Therefore, a COA should not issue.

## V. Order

AND NOW, this 26th day of January, 2012, upon consideration of petitioner's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (ECF No. 622) and the supplement thereto (ECF No. 625) and the government's motion to dismiss (ECF No. 641),

IT IS HEREBY ORDERED that the government's motion to dismiss (ECF No. 641) is GRANTED and petitioner's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (ECF No. 622) is DENIED.

IT IS FURTHER ORDERED that no certificate of appealability should issue.

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

cc: Frederick Banks
 #05711-068
 F.C. I. Forrest City (Low)
 P.O. Box 9000
 Forest City, AR 72336