IN THE United States District Court
for the Western District of Pennsylvania

United States of America,
v.
Frederick Banks,
   Defendant.

**FILED**
MAY - 1 2014
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

04 cr 176

[evidentiary hearing requested]

Motion to Correct Clerical Error; AND Motion to Arrest Judgment; and to extend time to file ptns for new trial, and to dismiss

Defendant Frederick Banks ("Banks") moves the Court to correct a clerical error.

1. The Judgment in a criminal case for revocation reflects counsel as Patrick Nightingale.

2. Defendant represented himself in the District Court Nightingale was standby counsel. The error in the judgment should be corrected and a new judgment should be filed and served on Defendant. Defendant also should receive docket entries 678, 6776 because they were not served on him. Finally, Defendant moves the Court to order that the transcripts from the bond hearing held on 11/22/2013 be transcribed. Ben Orrison testified that Defendant received the Pelizzonis the Bond hearing transcript and the Initial appearance transcript which must also be transcribed will show that he didn't in violation of Fed. R. Crim. P. 32.1 and Fifth Amendment notice. Defendant also moves to arrest the judgment of revocation because at Doc 6776 the Court issued an order consolidating the supplemental revocation petition allegations with the petition and subsequently the government withdrew the allegations in the supplement when they did not because the allegations were incorporated by order the petition of revocation of 10/23/14 (Doc 672) was withdrawn. Also, Under 18 USC § 1028; 1028(A) the identifying document had to be one issued by the USA Cochran's birth date was a state issued identification as was his

1 of 4

license. "a means of identification of another person" in 1028(A) a federal statute relates to a federally issued identification document or a state issued identification document or means. Given capital never provided the Cochran id and no birth certificate was used. The government only alleged a birth date which is not an "identification document" under the statutes. See 18 USC § 1028(b)(1)(A) nor is a Social Security # an "identification document" a Social Security card is. Thus, the SS# the government alleged defendant used did not comport with the statute. See 18 USC § 1028A stating that whoever uses "a means of identification of another person" violates 18 USC § 1028A. Also under 18 USC 1028A the section the government relied on there was no attempt provision and the government charged in the petition an "attempt". See 1028A contrast 18 USC 1028(f) Attempt and Conspiracy. Defendant moves the court to extend the time to make this motion for excusable neglect because he only received the transcripts this week and had no idea before then that the court ordered consolidation of the petition and supplemental petition. Moreover, the court lacks subject matter jurisdiction under Rule 12(b) because a means of identification document was never used. Defendant was prejudiced because he spent over $100 dollars litigating and defending the government allegations financial prejudice. He was lodged into NEOCC Youngstown, OH and held in a cell in the SHU for over six months without a shower, working toilet or recreation and he was verbally abused by a CI named Anthony Kidd in the employee of CCA's SIS department who yelled continuously through his vent and referred to defendant as a "devil worshiper" due to his Wicca religious beliefs. Also, CO Parada on two occasions confiscated defendants Wicca Chalices, tarot cards and tabards and CO Santee and others attempted to convert defendant to Christianity by uttering phrases to him such as "our lady of light" and "we are going to bring you out of the darkness and into the light" in violation of the First Amendment Free Exercise and Establishment Clauses. Also, CCA Duff removed the bureau letter

of the newspaper before he received it because they knew he liked to read that section and provide him with a styrofoam cup which was less than half the size of the plastic cups everyone else in the SHU received. Staff refused to provide Defendant with personal addresses so he could contact his friends and family in violation of the First Amendment association clause and invaded and made false entries into his inmate account to disrupt his postage and commissary. Staff also obstructed and delayed his outgoing legal mail which resulted in over 16 civil cases being dismissed for failure to prosecute and most recently Unit Manager Madelski ordered that while Defendant receives legal mail he can get the mail but not the envelope the Court mailed it in. A practice that was highly discriminatory because it was not applied across the board and ridiculous. Thus Defendant demonstrated actual prejudice. Defendant also moved for a new trial under newly discovered evidence because he never received a copy of the above listed docket entries they were never served on him and on 10/24/13 Doc 676, 678 he was counsel of record. Also, Defendant moves the Court for the transcripts of the initial appearance see Doc 679 which will clearly show that Defendant did not receive the petition or supplemental petition in violation of due process and the notice requirement listed in Fed. R. Crim. Pro. 32.1. Defendant moves the Court to order the FBI agent Lungford and government to produce and serve on him clear copies of the front and back of each debit card taken from his residence & wallet and a complete list of everything that was taken during the search of his residence. The inventory list he received does not contain the debit cards on it which the government stated was taken at the search. So what else was taken that they didn't list. The FBI already sold Defendant's Ferrari and did not list it on any inventory. A matter which the CIA is investigating presently. Also the Gain Forex account was opened 9/13/13 and was not charged in the petition. The identity theft was not reproduced. Wherefore, the foregoing motion should be granted. Defendant also renews the motions listed in Doc 692 as Defendant is counsel of record. The Court should order Defendant immediately released U.C.C.C. with all other requested or warranted relief.

An evidentiary hearing should be held. The Court should order the government to respond.

Respectfully submitted,

Frederick Banks
# 05171068
AFF OCC
2240 Hubbard Road
Youngstown, OH 44505

Defendant

Certificate of Service

I hereby certify that on 4/26/14 I served a true and correct copy of the foregoing by mail delivery upon the following;

Office of the US Attorney
1000 US Courthouse
700 Grant Street
Pittsburgh, PA 15219

Frederick Banks